## Case No. 4,328.

### In re ELDRED.

[3 N. B. R. 256 (Quarto, 61); 1 Chi. Leg. News, 389.][1]

District Court, N. D. Illinois. 1869.

DRUMMOND, District Judge, in delivering the opinion of the court in substance said:

The only property or money so far as we know, which Mrs. Eldred obtained, independent of her husband, by which this property was purchased, was what was obtained from her son; he also, however, indorsed the notes that were given for the vessel. One of the embarrassments of the case arises out of the relation in which the party who made these advances, or gave this assistance, stands to the person who, it is claimed, made the purchase, and to the bankrupt, he being the son of both the parties. If the money had come from a party not connected with the others, the difficulty of such a case would be less. It is, therefore, proper to consider what had appeared in evidence, to wit: the advance made by the father to the son at a time when it was claimed he was insolvent, and could not, in honor, make such an advance. If there was a free gift, having no sort of connection with what the father had done for him, then the mother would be entitled to the full benefit growing out of such a circumstance, but otherwise not, as then the father's pecuniary relation would have entered into the transaction. For while the statute gives to a married woman the

[1] [Reprinted from 3 N. B. R. 256 (Quarto, 61), by permission.]

right, independent of her husband, to control and manage her own property, not coming from her husband, it is clear that it never contemplated that a married woman should be made use of as an instrument by which the pecuniary interest of the husband should be protected as against his creditors. So that while it is just and right that whatever the wife acquires during coverture from an independent source, should be kept for her protection and support, it is also just that that which comes indirectly from her husband should not be sequestered and excluded from his creditors. In this case whatever went into the property as a gift, pure and simple, with which the money of the father had nothing to do, in that the wife should be protected.

When a man is in embarrassed circumstances, and insolvent, he cannot make use of his wife, directly or indirectly, to cover up any of his property, or any of his earnings, or his skill. So far as she gets property of her own, independent of him, she is to be protected; but he cannot make use of her as an instrument to gather about her his means, skill, or labor, or anything that is connected with him. Thus, a man has no right to go to his wife and say, This is a good bargain; make this purchase; give your notes for this property, that property, or the other; and make the purchase, and then escape the responsibility of transaction, so far as he is a debtor, if there is nothing proceeds from his wife as a consideration of the purchase. That is his transaction, the result of his skill and judgment, and his creditors are entitled to it, and he cannot in that way cover up the interest which he may have in that property, which is the fruit of his skill and his judgment, from his creditors. If, on the other hand, there is a consideration proceeding from the wife, belonging to her, money or property with which he is unconnected, then she should be protected in the property.

The bankrupt was found not guilty under the specifications. The matter stands on a new trial, made by Rae & Mitchell, for the opposing creditor.